■ IMOGENE SMITH et al., Appellants, v EMIL MALARCZYK, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court in favor of defendant, entered November 15, 1984 in Ulster County, upon a verdict rendered at Trial Term (Battisti, Jr., J.).

On the morning of October 4, 1982, plaintiff Imogene Smith (hereinafter plaintiff) was en route to a dentist appointment when the automobile she was operating collided with one being driven by defendant; he had been backing out of a driveway and claims that plaintiff negligently failed to observe his car, which was stopped at the time with the rear portion in the road. Plaintiff maintained that defendant's car emerged suddenly; the investigating officer ticketed defendant for unsafe backing. In the negligence suit which followed, plaintiff sought to recover for personal injuries she sustained in the incident and her husband brought a derivative claim for her lost services.

At trial, plaintiff and defendant related their respective

versions of the accident. There were no witnesses to the occurrence other than defendant's daughter-in-law, Rosita Malarczyk, who corroborated the defense. Plaintiff unsuccessfully objected to that testimony on the ground that, when specifically asked at his examination before trial whether he was aware of any witnesses to the accident, defendant, knowing full well that his answer was spurious, swore there were none. Also unavailing were plaintiff's efforts to prevent introduction into evidence of excerpts from a medical record relating to her hospitalization in 1976., Those excerpts, offered by defendant to impeach plaintiff, who had testified that prior to this accident she had no problems with her neck, disclosed that she had complained of fainting spells, during one of which the right side of her neck was injured. In the course of its deliberations, the jury asked the trial court to define various medical terms appearing in those excerpts which described the symptoms associated with plaintiff's fainting; there being no objection from counsel, the court granted the request. From the verdict in favor of defendant, plaintiffs appeal.

Although the evidence is sufficient to support the jury's verdict imposing sole responsibility for the accident on plaintiff (see, Lenahan v Goucher, 65 NY2d 1034), a reversal is nevertheless appropriate for plaintiff was not afforded a fair trial. Initially, we note that nothing in the trial record suggests that defendant's failure to reveal that the daughter-in-law saw the accident was inadvertent, excusable or tolerable. She testified at trial that she informed defendant that she had observed the accident soon after it happened and, further, that on the day defendant's deposition was taken, she also told the same to defense counsel. Given the undisputed untruthfulness of defendant's testimony at his examination before trial that there were no witnesses, and that this falsity was allowed to remain uncorrected for more than a year thereafter when it was discovered by plaintiff at the trial itself, the trial court's refusal to impose sanctions, as requested by plaintiff pursuant to CPLR 3126, constituted reversible error.

Defendant's assertion that the daughter-in-law's testimony "had absolutely no bearing on the liability" is patently disingenuous. She was the *only* nonparty witness to the accident and her testimony that she noticed defendant's car stopped at the end of the driveway, saw the movement of plaintiff's car traveling "real fast", and then heard a crash, was consistent with defendant's account on a pivotal issue, and obviously telling. Winning lawsuits by guile is no longer fashionable or

condonable for it does nothing to further the effective administration of justice (see, Clark v Pennsylvania R. R. Co., 328 F2d 591, 594, cert denied, 377 US 1006).

Plaintiff's objection to the admission into evidence of references in the hospital record excerpts to her fainting episodes also has force. Those excerpts are only pertinent with respect to plaintiff's neck injuries. The underlying cause of her 1976 injury—fainting—is irrelevant here since it is susceptible of undue speculation and all allusions to it, consonant with plaintiff's request at trial, should have been redacted.

Judgment reversed, on the law and facts, with costs, and matter remitted to Supreme Court for a new trial and with leave to plaintiffs to conduct an examination before trial of the witness Rosita Malarczyk, if they are so inclined. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.