■ Estella Smith, Respondent, v Dean Saviolis et al.,

Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Byrne, J.), dated August 4, 1986, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $93,500.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a 53-year-old physical education teacher, was involved in an automobile accident with the appellant Dean Saviolis. The evidence indicated that while the plaintiff was making a left turn the appellant Dean Saviolis, who was proceeding behind the plaintiff in the same direction attempting to pass her, ran into her car with his van. Dean Saviolis claimed that the plaintiff's left turn signal was not on, and that he saw it activated after the accident.

During the trial the plaintiff called Sister Valeria Belanger, a friend of hers who had come to the scene after the accident and comforted her in her car. Sister Valeria said that while she was in the car the turn signal was on, and that someone reached into the car to turn it off.

The appellants objected to Sister Valeria's testimony on the ground that they were not notified that she was a witness during discovery proceedings. The plaintiff argues that she did not have to disclose that Sister Valeria was a witness because she was not an eyewitness. She was a witness possessing material and necessary information bearing upon a liability issue, and thus her identity should have been disclosed (see, Hughes v Elias, 120 AD2d 703, 705). However, the plaintiff did not know that Sister Valeria was a witness until one day before the commencement of trial and her failure to notify the appellants was therefore excusable (cf., Smith v Malarczyk, 118 AD2d 934). Immediately upon learning of this witness, the plaintiff notified the appellants' counsel. In addition, the appellants' claim that the turn signal was activated after the accident was not contradicted by Sister Valeria's testimony, since she did not arrive until after the accident. Therefore, the appellants were not prejudiced by the admission of her testimony.

The appellants also claim that there was insufficient evidence to connect the plaintiff's wrist injury to the automobile accident. It was not until several months after the accident that the plaintiff began to feel pain in her right wrist and reduced sensation in her right hand, which was her dominant hand. She was diagnosed as having an ulnar sensory nerve entrapment. Exploratory surgery on the plaintiff's wrist was

conducted, during which scar tissue that was binding the nerve was removed. At trial the plaintiff produced her physician, by videotaped deposition, who testified that her wrist condition was caused by the automobile accident. He explained the delayed symptomotology by stating that neurological disorders can take months to develop.

Based on this medical testimony, it was reasonable for the jury to conclude that the plaintiff's wrist injury was a result of the automobile accident *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Finally, the verdict on the issue of damages does not shock our conscience *(see, Petosa v City of New York,* 63 AD2d 1016). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.