James W. WORDEN, Plaintiff,

v.

CONSOLIDATED RAIL
CORPORATION,
Defendant.

Civ. A. No. 86–0112–F.

United States District Court,
D. Massachusetts.

July 12, 1988.

Robert Naumes, Robert P. Malone, Malone & Naumes, Boston, Mass., for plaintiff.

Robert L. Farrell, Parker, Coulter, Daley & White, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

On May 26, 1988 judgment was entered for plaintiff in this Federal Employers' Liability Act ("F.E.L.A.") case in the amount of $458,000.00. The jury returned this verdict after a four-day trial. Before the

Court is defendant's motion for judgment notwithstanding the verdict ("j.n.o.v.") or, in the alternative, a new trial.

## I. JUDGMENT NOTWITHSTANDING THE VERDICT

■ Defendant argues under Fed.R.Civ. P. 50 that plaintiff failed to prove Consolidated Rail Corporation ("Conrail") was negligent or, if so, that its negligence caused plaintiff's injuries.

A trial judge may not grant j.n.o.v. unless the evidence is such that a reasonable jury can come but to one conclusion. And, in making this decision, the Court must indulge all inferences in favor of the non-moving party. *See Wagenmann v. Adams*, 829 F.2d 196, 200 (1st Cir.1987); *Conway v. Electro Switch Corporation*, 825 F.2d 593, 598 (1st Cir.1987); *Joia v. Jo–Ja Service Corporation*, 817 F.2d 908, 910–11, 98 L.Ed.2d 654 (1st Cir.1987), *cert. denied sub. nom.*, —— U.S. ——, 108 S.Ct. 703 (1988). With this guidance in mind, the Court turns to the evidence presented at trial.

While working as a machinist for his employer Conrail, plaintiff Worden was dispatched by his supervisor to repair a broken air compressor. Worden pinpointed the defect in the machine and decided it needed to be towed to a local railroad yard for the necessary repairs. Air compressors such as the one plaintiff had to repair are equipped with a built-in jack to assist employees in raising the machines to be towed. The jack on the particular air compressor at issue, however, was broken. Plaintiff and a fellow employee thus had to manually lift the front of the 2,600 pound air compressor and trailer so that another employee could back the truck up and attach the hitch. The air compressor is hitched to the truck by raising a "pintle" hook on the truck, positioning the air compressor's trailer so that its front towing ring comes within the grasp of the pintle hook and releasing the pintle hook so as to capture the towing ring. Handles used to move the air compressor without placing one's hands underneath the "draw bar" (the long piece of metal used to attach the trailer to the truck hitch) were missing or broken.

Because the pintle hook on the truck was also not functioning properly, Worden had to bear the brunt of most of the weight of the air compressor while the employee helping him raise and lower the machine held the hook up so that it could secure the towing ring. The compressor was hitched to the truck and towed to the railroad yard.

While Worden and his assistant were attempting to manually release the towing device at the railroad yard by once again raising and lowering the trailer, plaintiff heard a loud pop and felt a painful burning sensation in his left arm which was later diagnosed as a torn biceps muscle. He went to the hospital and subsequently underwent surgery to mend the torn muscle. Surgery was successful, but because of his injury, Worden is prevented from heavy lifting and thus cannot return to his former position as a machinist with Conrail. This suit followed.

Pursuant to the F.E.L.A., a defendant is liable for a plaintiff's injuries if it is shown that its negligence was even slightly responsible for the injury. *See Rogers v. Missouri Pacific Railroad Company*, 352 U.S. 500, 506–07, 77 S.Ct. 443, 448–49, 1 L.Ed.2d 493 (1957). Drawing all inferences in favor of plaintiff, and with the appropriate standards identified, the Court concludes that plaintiff produced sufficient evidence from which a jury could find that defendant was liable to plaintiff for his injuries.

The jury could have believed defendant was negligent in failing to provide plaintiff with proper working conditions. Specifically, defendant could have been found negligent in 1) failing to repair the jack on the air compressor—which is designed so that workers need not lift the heavy machine—causing Worden to manually lift and lower the machine; 2) failing to repair the hand holds on the compressor; or 3) allowing the broken pintle hook device to exist on the truck. Based on the evidence and injury, a finding of any one of these negligent acts is sufficient to hold defendant responsible for plaintiff's injuries under the F.E.L.A.

The Court was not surprised at the jury's finding with respect to liability and will deny defendant's motion for j.n.o.v.

## II. DEFENDANT'S MOTION FOR NEW TRIAL

In the alternative, defendant moves that this Court order a new trial. Four arguments are presented in support of this motion. Each will be addressed.

### A. Sufficiency of the Evidence

█ Granting a motion for a new trial based on this contention requires the Court to find that the verdict is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice. *See Conway,* 825 F.2d at 598–99.

What has been written above with respect to defendant's j.n.o.v. motion applies with equal force here. Based on the evidence reviewed above, the Court does not consider the jury's verdict to be against the clear weight of the evidence or a manifest miscarriage of justice and, therefore, defendant's motion for a new trial based on the sufficiency of the evidence will be denied. *See Wallace Motor Sales v. American Motor Sales Corporation,* 780 F.2d 1049, 1063 (1st Cir.1985).

### B. Testimony of Dr. McGillicuddy

█ Defendant next contends it deserves a new trial due to a perceived error in the Court's decision to allow certain expert testimony. Dr. McGillicuddy, plaintiff's medical expert, testified as to the nature and extent of Mr. Worden's injuries. His conclusion at trial was that Worden was permanently disabled from performing his job as a machinist or any heavy work in general. Defendant maintains that because there was no evidence Dr. McGillicuddy was aware of the physical requirements of a Conrail machinist, he was not qualified to render an opinion on plaintiff's disability. For two reasons, the Court rejects this claim.

First, Federal Rule of Evidence 705 allows testimony of this sort. Rule 705 permits an expert to state his or her opinion without disclosing the basis therefor. So, it is not necessary that there had to be evidence indicating that Dr. McGillicuddy knew exactly what a Conrail machinist was responsible for doing.

Second, even if it was critical that Dr. McGillicuddy be aware of the physical abilities required to be a Conrail machinist in order to render an opinion, he appeared live and was subject to cross examination at trial. If the basis for Dr. McGillicuddy's opinion was deficient, defendant could have fully brought this fact out for the jury.

### C. Jury Instructions Regarding Damages

Plaintiff produced evidence that his future earning capacity has been impaired by his injury. Accordingly, the jury was instructed that in considering damages, they may include a reasonable amount for any loss of future earning capacity caused by defendant's acts or omissions. Defendant now argues that since plaintiff produced no evidence pertaining to the requirement under the F.E.L.A. that the jury reduce any such damage award to its present value, he is unable to recover for losses of this kind. The Third Circuit case of *Ballantine v. Central Railroad of New Jersey,* 460 F.2d 540 (3d Cir.), *cert. denied,* 409 U.S. 879, 93 S.Ct. 133, 34 L.Ed.2d 133 (1972), is cited by defendant as support for its position and holds that in order for a jury to consider a claim for loss of future wages, the jury is entitled to hear evidence and receive mathematical guidance on the method of reducing lost future earnings to their present value. *Id.* at 544.

█ Plaintiff responds to this argument by citing six appellate decisions—each from a different circuit reaching a result contrary to *Ballantine*—holding, essentially, that the absence of expert testimony or actuarial or mathematical evidence regarding methods for computing the present value of future earnings does not preclude the jury from awarding such damages. While the First Circuit has not ruled on the issue, this Court is satisfied that its instructions were sufficient and appropriate, and that plaintiff's failure to come forth with expert

**38**

or other evidence regarding methods of present value computation is not fatal. *See Bonura v. Sealand Service, Inc.*, 505 F.2d 665, 669 (5th Cir.1974) (actuarial and mathematical evidence not prerequisite for recovery of lost future wages); *Duncan v. St. Louis–San Francisco Ry. Company*, 480 F.2d 79, 87 (8th Cir.), *cert. denied*, 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973) (same); *cf. McDonald v. Federal Laboratories, Inc.*, 724 F.2d 243, 247 (1st Cir.1984) (court's instruction that jury must reduce future earning award to present value without identifying particular method of present value computation not erroneous).

The Court instructed the jury on damages as follows:

*(3) Damages*

The fact that I am now instructing you on damages should not be interpreted by you as suggesting what verdict I think you should or should not find. You, the jurors, are the sole judges of both liability and damages.

The goal in awarding damages is to compensate the plaintiff fully for injuries he suffered as a proximate result of the defendant's negligence.

As with the other elements of plaintiff's case, plaintiff bears the burden of proving damages by a preponderance of the evidence. Plaintiff is entitled to recover for damages for injuries which were proximately caused by defendant's negligence, if any. Therefore, plaintiff is not entitled to recover damages for injuries or physical disabilities which are *solely* cause by some prior or subsequent accident or injury.

In assessing the amount of damages, if any, you may consider the plaintiff's physical pain and mental suffering, his temporary or permanent disability, his loss of earnings during the period of his disability, and his loss of earning capacity after the accident.

If you should find that the plaintiff is entitled to a verdict, in arriving at the amount of the award, you should also include:

(a) the reasonable value of the time, if any, shown by the evidence in the case to have been necessarily lost up to date by the plaintiff since the injury, because of being unable to pursue his occupation, as a proximate result of the injury. In determining this amount, you should consider any evidence of plaintiff's earning capacity, his earnings, and the manner in which he ordinarily occupied his time before the injury, and find what he was reasonably certain to have earned during the time so lost, had he not been disabled; and

(b) also such sum as will reasonably compensate the plaintiff for any loss of future earning power, proximately caused by the injury in question, which you find from the evidence in the case that plaintiff is reasonably certain to suffer in the future. In determining this amount, you should consider what plaintiff's health, physical ability and earning power were before the accident and what they are now; the nature and extent of his injuries, whether or not they are reasonably certain to be permanent; or if not permanent, the extent of their duration; all to the end of determining, first, the effect, if any, of his injury upon his future earning capacity, and second, the present value of any loss of future earning power, which you find from the evidence in the case that plaintiff is reasonably certain to suffer in the future, as a proximate result of the injury in question.

If you should find that the plaintiff is entitled to a verdict, you will award him a sum which will compensate him reasonably for (1) any pain, suffering and mental anguish already suffered by him and proximately resulting from the injury in question; and (2) for any pain, suffering and mental anguish, which you find from the evidence in the case that he is reasonably certain to suffer in the future from the same cause.

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evi-

dence in the case, that he has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

You should also take into consideration the number of years the plaintiff reasonably has been expected to work were it not for his injuries as well as compensation plaintiff has received or will receive for employment after his injury.

If your verdict is in favor of the plaintiff, you will not add any sum of money to the amount of the verdict to account for income taxes because the amount awarded to the plaintiff by your verdict is not taxable income to the plaintiff and you should not consider income taxes in fixing the amount of your award. In calculating any part of loss of future earnings you should base your calculation on the plaintiff's probable pay after deductions of income taxes.

An injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury by caring for his injuries in order to prevent their aggravation and in seeking gainful employment if he is able to do so. Should you find that the plaintiff has failed to minimize his loss at all, or that his attempts were insufficient, then you may reduce an award of damages to reflect this.

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.[1]

While the Court may prefer that juries receive guidance from experts on how to compute present values, the instructions in the case sufficiently cautioned the jury that it had a responsibility to reduce future losses to their present value. The Court believes that the absence of evidence regarding particular methods of present value computation does not prohibit plaintiff from receiving those damages.

In its reply brief, defendant cites a recent Supreme Court case purportedly supporting its position that expert or other evidence is needed. The Court disagrees. In *Monessen Southwestern Railway Company v. Morgan*, — U.S. —, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), the Court held that a trial court judge erred in instructing the jury pursuant to state law not to discount plaintiff's future lost earnings to their present value. *Id.* — U.S. at —, 108 S.Ct. at 1843–47. The Court nowhere stated or even implied that expert evidence —or *any* evidence—on methods of present value computation is necessary to support a future earnings award.

■ This Court reads the present state of law as merely requiring trial judges in F.E.L.A. cases to instruct juries to reduce future earning losses to their present values. This was done in the case at bar and the Court, thus, will deny defendant's motion for a new trial based on the jury instructions regarding the loss of future earning capacity.

## D. Excessiveness of the Verdict

■ The Court fully comprehends the standards to be utilized in contemplating the disturbance of a verdict returned by a jury. Various terms have been used by the First Circuit to describe the strict and deferential standard. To modify a verdict requires the judge's determination that the jury's award exceeded "any rational appraisal or estimate of the damages that could be based upon the evidence before the jury" or was "grossly excessive," "inordinate," "shocking to the conscience of the court," or "so high that it would be a denial of justice to permit it to stand." *See*

1. No transcript of the trial was provided by either party. The Court's quotation of the in-

structions was obtained from its own records.

**40**

Segal v. Gilbert Color Systems, Inc., 746 F.2d 78, 81 (1st Cir.1984) (quoting Grunenthal v. Long Island R.R. Co., 393 U.S. 156, 159 & n. 4, 89 S.Ct. 331, 233 & n. 4, 21 L.Ed.2d 309 (1968)).

After due reflection, the Court concludes that a $458,000 award based on the evidence at trial in this case shocks its conscience and exceeds the outer limits of a rational appraisal of the damages proved by plaintiff. Mr. Worden no doubt suffered a painful injury in the form of a torn biceps muscle and was forced to permanently forego heavy lifting because of his injury. Yet, the facts remain that he was diagnosed as being able to work after recuperating from his surgery and that, shortly before trial, he had obtained employment albeit at a reduced wage. Additionally, there was no evidence that plaintiff needs future medical treatment. In short, this is not the type of case where close to a one-half million dollar verdict is needed or justified to fully compensate a plaintiff for his injury.

The Court deems $175,000.00 to be within the realm of what it considers a reasonable amount of damages based on the evidence in this case. Therefore, because the Court concludes that the verdict rendered by the jury is grossly excessive, defendant's motion for a new trial will be granted unless plaintiff's accepts remittitur to the amount of a $175,000.00 verdict.

### III. CONCLUSION

Defendant's motion for j.n.o.v. is DENIED. If plaintiff notifies the Clerk of this Court within ten (10) days after the date of this Order that he accepts remittitur in the amount of one hundred and seventy-five thousand dollars ($175,000.00), the Court will deny defendant's motion for a new trial. If plaintiff rejects remittitur, however, the Court will grant defendant's motion for a new trial due to the excessiveness of the verdict.

It is So Ordered.