■ 317 W. 87 Associates et al., Respondents, v Jeffrey C. Dannenberg, Defendant and Third-Party Plaintiff, et al., Defendant. Kuroff Associates, Third-Party Defendant-Appellant; Arnold Pross, Nonparty Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered May 5, 1989, which granted plaintiffs' motion to hold third-party defendant, Kuroff Associates, and nonparty witness, Arnold Pross, in civil contempt, to strike the third-party answer pursuant to CPLR 3126, and to deny Kuroff's cross motion to dismiss the complaint for lack of standing, unanimously affirmed, with costs.

Plaintiff Adam Katz and nonparty Pross have been engaged in continuing litigation over control of plaintiff 317 W. 87 Associates, a limited partnership. One of the assets of that partnership is an apartment occupied by defendants Dannenberg. Jeffrey Dannenberg continued to pay rent to third-party defendant, Kuroff Associates, an entity controlled by Pross, even after a preliminary injunction in 1985 awarded at least temporary control of the landlord partnership to Katz. The justification offered for this diversion of rent assets was based upon a sublet agreement approved by Pross back in 1983, when he concededly was in control of the partnership. But this agreement, offered to the court under an affidavit by Dannenberg, and the validity of which was testified to in depositions by Dannenberg and Pross, was later exposed as a fraud—a document drawn and executed in 1987 and backdated to 1983. Dannenberg and Pross subsequently admitted the ruse.

Contributing to "undisputed untruthfulness" on the record

justifies imposition of sanctions under CPLR 3126. *(Smith v Malarczyk,* 118 AD2d 934, 935.) Such fraudulent and perjurious conduct during the course of judicial proceedings may also warrant punishment by contempt (Judiciary Law § 753 [A] [2]; *Matter of Goslin,* 95 App Div 407, *affd* 180 NY 505), even against a nonparty witness (Judiciary Law § 753 [A] [5]). Concur—Sullivan, J. P., Ross, Rosenberger and Kassal, JJ.