**Anthony M. PATURZO**

v.

**METRO–NORTH COMMUTER RAILROAD.**

**No. 88 Civ. 5281 (KTD).**

United States District Court, S.D. New York.

Oct. 11, 1990.

Collins, Collins & DiNardo, P.C. (Joseph DiNardo, Buffalo, N.Y., of counsel), and Morris J. Eisen, P.C. (Perry Weitz, New York City, of counsel), for plaintiff.

Metro–North Commuter R. Co., Robert Bergen, General Counsel (Ann Pooler, Henry W. Herbert, New York City, of counsel), for defendant.

ENDORSEMENT

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, Anthony M. Paturzo is a sixty year old former railroad worker who brought action under the Federal Employ-

ers' Liability Act ("F.E.L.A."), 45 U.S.C. §§ 51 *et seq.*, against his former employer, defendant Metro–North Commuter Railroad ("Metro–North"), for injuries that Paturzo sustained as a result of a train collision. Liability was conceded by Metro–North and a jury trial was conducted before me on May 21–24, 1990 on the issue of damages alone. The jury awarded Paturzo $650,000 for economic loss, conscious pain and suffering. Metro–North now moves for either a new trial pursuant to Fed.R. Civ.P. 59(a), or a remittur reducing the jury's award.

On April 6, 1988, the commuter train on which Paturzo worked as a conductor was involved in a wreck. Paturzo was injured. Trial Transcript ("Tr.") 27–38. The injuries that Paturzo sustained consisted of damage to the ulnar nerve in his left, and non-dominant, arm. This causes occasional numbness in the tips of two fingers and the web of his thumb. Tr. 51–72. In addition, Paturzo suffered a cervical sprain, and complains that he suffers psychologically from post traumatic stress syndrome.

█ A new trial may be granted if the amount of the jury's verdict is clearly excessive. Granting or refusing to grant a new trial on grounds of excessiveness is a matter resting within the trial court's sound discretion. It is exercised with regard to what is right and in the interest of justice. The standard for review of damage awards is whether the reward is so high as to shock the judicial conscience, constituting a denial of justice. *Ismail v. Cohen*, 899 F.2d 183 (2d Cir.1990); *see also Scagnelli v. Whiting*, 554 F.Supp. 77 (D.C. N.C.1982). On a motion for a new trial:

> [t]he trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply

to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been then it is his duty to set the verdict aside; otherwise not.

*Alisandrelli v. Kenwood, d/b/a Franklin Assoc.*, No. 88–8002, 1990 WL 20158 (S.D. N.Y. Feb. 27, 1990) (LEXIS, genfed library, dist file) (quoting *Bevevino v. Saydjari*, 574 F.2d 676 (2d Cir.1978)).

Moreover, appellate courts afford the trial court's findings due deference with regard to reversing the grant of a new trial for excessive verdict. "Only where the quantum of damages was clearly *within the maximum limit of a reasonable range*" will the appellate court be constrained to reinstate the jury's original verdict. *Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir.1990) (emphasis supplied).

█ Metro North argues that, in the case at bar, an award of $650,000 for conscious pain and suffering and economic loss is clearly excessive in light of the evidence. I agree. Indeed, Paturzo's only documented injuries were ulnar neuropathy in his left, and non-dominant, hand, causing occasional numbness in the tips of two fingers and the web of his thumb. And although there is some evidence of a cervical sprain, there is no evidence in the trial testimony or Paturzo's medical records that a return to work is contraindicated. Furthermore, Paturzo offers no evidence that he made attempts to mitigate his damages in any way. Indeed, Paturzo offers no reason for his unwillingness to seek meaningful work, nor has he even considered working since the accident. This despite the fact that he is physically fit to perform the same duties as he performed prior to the accident. Tr. 73. In light of these facts, the jury's award was clearly excessive.[1] I find that

---

1. In the case of *Crane v. Consolidated Rail Corporation*, 731 F.2d 1042 (2d Cir.1984), a wrongful death action was brought against the railroad under F.E.L.A. in which the jury awarded the decedent's administratrix $425,000. The decedent, Crane, was part of a carpentry work crew and he died as a result of a railway crash.

Although the gist of the Second Circuit's analysis dealt with a retrial on the issue of comparative negligence, the Court acknowledged that the $425,000 jury verdict from the first of two trials was "well related to the evidence." *Id.* at 1050–51. Surely, Crane's death is worth more in terms of compensatory damages than are the

**1088**

the award was so high as to shock the judicial conscience and constituted a denial of justice.

■ Finally, although Paturzo attempted to introduce at trial his social worker's records to show that Paturzo suffers from post traumatic stress syndrome, as justification for and his inability to work for Metro–North or find other meaningful work, Paturzo failed to timely turn these records over to Metro North. This failure precluded him from offering the records as evidence at trial. Consequently, there was no testimony whatsoever as to the definition of post traumatic stress syndrome, its causes, occurrence rate, or permanency for the purpose of assessing damages and forgiving the mitigation issue. Yet, the jury heard the term during the plaintiff's opening. Evidence of post traumatic stress syndrome was inadmissible and the jury should not have accounted for it in the damages. After having conducted the trial, I posit that the jury was seeded with the knowledge of this psychological ailment such that the estimation of damages was wrongfully affected thereby. Nonetheless, regardless whether post traumatic stress syndrome figured into the juror's calculations, the award ultimately exceeded all bounds of reasonableness and I cannot reconcile the verdict as having basis in the evidence.

For the foregoing reasons I find that the verdict in the captioned case far exceeds all bounds of reasonableness and has no basis in the evidence. Accordingly, the verdict must be set aside and the case scheduled for a conference to discuss retrying the issue of damages.

SO ORDERED.

relatively slight injuries which Paturzo proves to have suffered at bar. Yet, Paturzo claims that his award of $650,000 is fairly related to the evidence adduced at trial. That assertion flies in the face of common sense and precedent. *See Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir. 1990) (only where quantum of damages was clearly *within the maximum limit of a reasonable range* will the appellate court be constrained to reinstate the jury's original verdict) (*emphasis supplied*). I find that the jury's award to Paturzo of $650,000 does not fall within any reasonable realm.