Frederick P. SCHRAMM, Plaintiff,

v.

The LONG ISLAND RAILROAD COMPANY, Defendant.

No. 92–CV–3458 (JRB).

United States District Court, E.D. New York.

May 25, 1994.

Philip P. Vogt, Angelo Busani, Altier & Barasch, New York City, for plaintiff.

William J. Blumenschein, for Thomas M. Taranto, Law Dept., Jamaica, NY, for defendant.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

The defendant the Long Island Railroad Company (the "Railroad") moves this Court under Rule 59(a) of the Federal Rules of Civil Procedure for an order granting defendant a new trial on the grounds that the damages awarded by the jury for plaintiff's past pain and suffering were excessive. For the reasons set forth below, the motion for a new trial on the issue of damages is granted unless plaintiff elects to file remittitur of damages in excess of $200,000, the maximum damage award the Court finds supported by the record.

### BACKGROUND

On the morning of January 21, 1992, plaintiff Frederick Schramm sustained head and neck injuries when he was struck in the back of the head by a large tree limb. At the time of the accident, plaintiff was employed by defendant Railroad and was working on an embankment adjacent to a right-of-way on the Bay Ridge Branch in Brooklyn. Mr. Schramm and his crew had been attempting

to cut and then clear the tree from the embankment when a branch suddenly fell, striking him on the back of the head.

Plaintiff suffered a concussion and missed five months of work as a result of the incident, returning to his job with defendant on or about July 1, 1992. Plaintiff never was hospitalized and underwent no surgical procedure as a result of the accident. However, he has received and continues to receive medical treatment for various symptoms, including headaches, neck spasms, and a facial tic, all of which he alleges constitute post-concussion syndrome and stem from the injury sustained on the day of the accident.

The case was tried before this Court and heard by a jury on January 10, 11, and 12 of this year. The Court bifurcated the trial, first submitting to the jury the issue of liability. After finding the Railroad negligent, the jury then returned a verdict in favor of plaintiff in the amount of $250,000. The jury awarded plaintiff $17,500 for lost earnings, with the balance of $232,500 in damages to compensate plaintiff for past pain and suffering. The jury specifically awarded no damages for future loss of earnings or future pain and suffering. Immediately after the jury rendered its verdict, defendant Railroad moved for judgment notwithstanding the verdict on the ground that the damages awarded for past pain and suffering were excessive. This Court denied that motion. By way of the present motion, defendant again challenges the reasonableness of the jury's award.

### DISCUSSION

■ Rule 59(a) of the Federal Rules of Civil Procedure vests with the district courts considerable discretion in ordering a new trial. *Haber v. County of Nassau,* 557 F.2d 322, 325 (2d Cir.1977). The court should grant such a motion where "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prod., Inc.,* 861 F.2d 363, 370 (2d Cir.1988). Generally, the courts of this Circuit consider a jury verdict excessive "if it is so high as to 'shock the judicial conscience.'" *Schneider v. National R.R. Passenger Corp.,* 987 F.2d 132, 137 (2d Cir.

1993) (quoting *Nairn v. National R.R. Passenger Corp.,* 837 F.2d 565, 567 [2d Cir. 1988] ).

■ Unlike judgment notwithstanding the verdict, the court may order a new trial under Rule 59(a) even where substantial evidence supports the jury's verdict. *Song v. Ives Laboratories, Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992). The court is not constrained to view the evidence on the record in the light most favorable to the non-movant, *Paper Corp. of the U.S. v. Schoeller Technical Papers, Inc.,* 807 F.Supp. 337, 347 (S.D.N.Y. 1992), but rather conducts its own "detailed appraisal of the evidence bearing on damages." *Grunenthal v. Long Island R.R.,* 393 U.S. 156, 159, 89 S.Ct. 331, 333, 21 L.Ed.2d 309 (1968). Because the calculation of damages traditionally is within the province of the jury, *Ismail v. Cohen,* 899 F.2d 183, 186 (2d Cir.1990), the court must accord substantial deference to the jury's findings of fact. *Smith v. National R.R. Passenger Corp.,* 856 F.2d 467 (2d Cir.1988).

■ Although the law accords a jury broad discretion in ascertaining damages, the law does not permit a jury to "abandon analysis for sympathy for a suffering plaintiff and treat an injury as though it were a winning lottery ticket." *Gumbs v. Pueblo Int'l, Inc.,* 823 F.2d 768, 773 (3d Cir.1987). Rather, the award must be fair and reasonable, and the injury sustained and the amount awarded rationally related. This remains true even where intangible damages, such as those compensating a plaintiff for pain and suffering, cannot be determined with exactitude. See *Williams v. Aer Lingus Irish Airlines,* 655 F.Supp. 425, 427 (S.D.N.Y.1987).

■ If after weighing the evidence the court finds that a jury verdict is excessive, the court has the option of ordering a complete new trial or a trial limited to damages. *Phelan v. Local 305 of the United Ass'n of Journeymen,* 973 F.2d 1050, 1064 (2d Cir. 1992), cert. denied, —— U.S. ——, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993). Alternatively, the process of remittitur allows the court to grant a Rule 59(a) motion, while presenting the plaintiff with the choice of either submitting to a new trial or agreeing to the reduced

damage award which the court considers justified. *Id.*

In weighing the excessiveness of the $232,500 verdict for past pain and suffering, this Court properly may look to the amount of damages awarded to other plaintiffs in cases involving similar injuries. *Schneider,* 987 F.2d at 137. However, the Court should not view these awards in a vacuum, but should take into consideration plaintiff's particular injuries and the unique circumstances of this case. *Id.* Both parties have cited and discussed a plethora of cases which they each allege closely parallel the circumstances here. After conducting a thorough review of these cases and of jury verdicts rendered in analogous cases, the Court concludes that $232,500 for past pain and suffering exceeds the amount of damages reasonably supported by the record, and that remittitur provides the most fair and efficient means by which to dispose of the present motion.

At trial, plaintiff submitted evidence of various medical conditions for which he has been receiving treatment since the time of the accident in January 1992 through the time of trial in January 1994. Plaintiff testified that he has suffered and continues to suffer from severe headaches, insomnia, vertigo, facial tics, nausea, and neck pain. He asserts that his condition prevents him from fully enjoying his life, and that the time he spends with his wife and children has been impaired. Although the jury specifically rejected plaintiff's claims for future damages, it awarded him $232,500 for two years' of past pain and suffering.

Defendant correctly notes that the evidence adduced at trial shows that plaintiff's injuries did not prevent him from returning to work at full capacity approximately five months after the accident, and that once he returned to work, plaintiff missed few, if any, work days as a result of his condition. Defendant argues that plaintiff suffered a relatively mild injury, that, according to the jury's verdict regarding future damages, has produced no permanent injury.

Although the Court views this as a close case, after having reviewed damage awards of similar magnitude and conducted a detailed analysis of the evidence adduced at trial bearing on the issue of past pain and suffering, the Court holds that the award of $232,500 is excessive. In *Nairn v. National R.R. Passenger Corp.,* 837 F.2d 565 (2d Cir. 1988), the Court of Appeals for the Second Circuit vacated and remanded a jury verdict awarding an injured railroad employee approximately $400,000 for past *and future* pain and suffering. In *Nairn,* the plaintiff had suffered a back injury resulting in a 15% permanent functional impairment. As did plaintiff Schramm, Nairn complained that his injuries restricted his everyday activities, in that he no longer could perform household chores, engage in athletic activities, and play with his children. However, unlike plaintiff here, the plaintiff in *Nairn* was unable to return to his former position with the railroad, although he did secure alternative employment.

After its review of awards granted in cases involving injuries similar to those sustained by the plaintiff in *Nairn,* the Second Circuit held the jury's verdict excessive in light of the surrounding circumstances. The court held that although its decision was not meant

> to belittle Nairn's pain and disappointment at no longer being the active, athletic man he once was, or to minimize the very real impact of the injury on Nairn's life and lifestyle ... an award for pain and suffering of at least $400,000 for a 15% functional impairment is one that "shocks the judicial conscience."

837 F.2d at 568.

Similarly, this Court does not mean to denigrate the impact plaintiff's injuries have had on the quality of his life and the time he spends with his family. However, plaintiff undeniably resumed his former position with the Railroad not long after the accident, where he has been able to function at full capacity. Plaintiff required no period of hospitalization nor did he undergo any surgical procedures. Indeed, although plaintiff claims he continues to suffer from multiple symptoms, the jury rejected proof that plaintiff's injuries were of a permanent nature, and refused to grant any future damages. Courts have held awards of the magnitude

granted here to be excessive, even where they compensate plaintiffs for *future* damages likely to result from more serious, permanent injuries, and have considered relevant a plaintiff's ability to return to work. *See, e.g., Williams v. Martin Marietta Alumina, Inc.,* 817 F.2d 1030, 1041 (3d Cir.1987) (court held that any award in excess of $100,-000 for past *and future* pain and suffering "extends beyond reasonable grounds"); *Harper v. Zapata Off-Shore Co.,* 741 F.2d 87, 93 (5th Cir.1984) (court held excessive an award of $485,000 for past *and future* pain and suffering where plaintiff had "undergone two back operations, and continue[d] to live with some pain"); *Paturzo v. Metro-North Commuter R.R.,* 751 F.Supp. 1086, 1088 (S.D.N.Y.1990) (court held award of $650,000 for pain and suffering and economic loss "exceeded all bounds of reasonableness" in case where plaintiff sustained cervical sprain and numbness in fingers but evidence showed ability to return to work); *Worden v. Consolidated Rail Corp.,* 689 F.Supp. 35 (D.Mass.1988) (court held verdict of $458,000 excessive and deemed $175,000 upper limit of reasonable award where plaintiff suffered painful, permanent injury, but was able to return to work at a reduced wage).

The Jury Verdict Research Series reports that verdicts awarded throughout the nation in cases involving postconcussion syndrome ranged from a low of $200 to a maximum award of $858,000. However, the median verdict value amounted to only $30,000, and the mean or average of all awards equalled $100,000. *See Personal Injury Valuation Handbooks,* Vol. 3, Release No. 3.41.0, p. 9 (1993). Based on these figures, analogous case law, and the evidence adduced at trial, this Court is of the opinion that a properly functioning jury should have found that a maximum total award of $200,000 reasonably and fairly would compensate plaintiff for the wages lost and the pain suffered from the time of the accident through the time of trial. *See Gardner v. Federated Dep't Stores, Inc.,* 907 F.2d 1348 (2d Cir.1990) (upholding award of $150,000 for pain and suffering experienced from time of accident until time of trial). Plaintiff has the option of accepting this reduced damage award, or facing a new trial on the issue of damages.

### CONCLUSION

For the reasons set forth above, the defendant's motion for a new trial on the issue of damages hereby is GRANTED unless plaintiff accepts remittitur of damages in excess of $200,000, the maximum amount of damages this Court finds reasonably supported by the record.

SO ORDERED.