■ LAWRENCE KASOFF, Appellant, v KVL AUDIO VISUAL SERVICES, INC., et al., Respondents. [930 NYS2d 5]—

The court improperly granted summary judgment to defendants dismissing the portions of plaintiff's breach of contract cause of action alleging nonpayment of commissions on the Metropolitan Club, Miscellaneous, and Meadowlands Exposition Center accounts. There are issues of fact as to whether the accounts were properly classified, whether plaintiff knew of the classifications and whether, had plaintiff disputed the designation, defendants would have changed the designation.

The court also improperly granted summary judgment to defendants dismissing plaintiff's Labor Law § 191 (1) (c) claim. Plaintiff qualified as a "commission salesman" as defined by Labor Law § 190 (6) and thus may be afforded the protections of Labor Law § 191 (1) (c) and § 195 (3). In addition, plaintiff has shown that, despite repeated written requests, defendants failed to provide him with "a statement of earnings paid or due and unpaid" that included "a description of how wages, salary, drawing account, commissions and all other monies earned and payable shall be calculated" (Labor Law § 191 [1] [c]). The ledgers presented by defendants are insufficient to satisfy the specificity prescribed by the statute and plaintiff is entitled to summary judgment on this claim. Plaintiff, however, is not entitled to summary judgment on his Labor Law § 195 (3) claim. Plaintiff has offered evidence of unpaid commissions only and the term "wages," despite its broad definition (Labor Law § 190 [1]), does not encompass commissions (*see Matter of Dean Witter Reynolds v Ross*, 75 AD2d 373, 381 [1980]).

Plaintiff's motion to strike should have been granted to the extent of prohibiting defendants from offering evidence in support of the contention that plaintiff was fully paid the Miscellaneous commission of $47,731.47, and awarding plaintiff that amount. The record establishes that defendants' counsel actively interfered with discovery by intercepting documents under subpoena to a third party. Defendants also admittedly altered a commission report pertaining to the Miscellaneous account and produced it in the course of discovery as if it were the original

business record. These acts, together, evidence a sanctionable pattern of behavior (*see 317 W. 87 Assoc. v Dannenberg*, 159 AD2d 245, 245-246 [1990]; *see also Garnett v Hudson Rent A Car*, 258 AD2d 559 [1999]) requiring preclusion.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Catterson, Renwick, Freedman and Manzanet-Daniels, JJ.